**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**



**CIVIL MINUTES - GENERAL**

Case No. EDCV 11-2063-DOC (JEMx)                                              Date: January 18, 2012
Title: MIGUEL ARROYO, ET AL. -V- AURORA BANK, FSB, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Julie Barrera   　　　　　　　　　　　　　   Not Present   
Courtroom Clerk　　　　　　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

   NONE PRESENT   　　　　　　　　　　　　　   NONE PRESENT   

PROCEEDING (IN CHAMBERS): ORDER DENYING PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION

      On January 17, 2012, the parties appeared before the Court on Plaintiffs Miguel and Oralia Arroyo's request for a preliminary injunction. After considering the moving and opposing papers on Plaintiffs' request, as well as the parties' oral arguments, the Court DENIES the requested preliminary injunction. Because no good cause to extend the temporary restraining order ("TRO") has been shown, as stated in the Court's January 6, 2012 order to show cause, the TRO expired at the conclusion of the January 17, 2012 hearing.

      Plaintiffs seek to prevent Defendants Aurora Bank, FSB and Aurora Loan Services, LLC (collectively, "Aurora") from moving forward with attempts to sell or transfer their home until Plaintiffs' claims are fully resolved. Specifically, Plaintiffs seek to enjoin Aurora from conducting a foreclosure sale of their home.

      **I.    LEGAL STANDARD**

      In order to show they are entitled to a preliminary injunction, Plaintiffs must show (1) a likelihood of success on the mertis; (2) a likelihood of irreparable harm; (3) that the balance of equities tips in Plaintiffs' favor; and, (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct 365, 374 (2008).

## II. DISCUSSION

Plaintiffs fail to show a likelihood of success on the merits of their claims. To the contrary, the Court finds that in all likelihood, Plaintiffs' claims fail on the merits.

First, Plaintiffs fail to allege tender. "Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender offer of payment of the indebtedness." *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1183 (N.D. Cal. 2009). Although Plaintiffs seek to enjoin an impending foreclosure sale, rather than set aside a foreclosure sale, their failure to allege tender is likewise fatal to their claims insofar as each claim seeks to avoid a foreclosure sale.

Turning to their individual claims for relief, Plaintiffs allege that the Workout Agreement they entered into with Aurora was obtained through fraud. Accordingly, they seek recission of the Agreement, along with restitution (Claims One and Two). Aurora argues that these claims fail because Plaintiffs fail to plead fraud and mistake with particularity. Plaintiffs' argue that their recission and restitution claims are based on mistake of fact, and in the alternative, fraud in the inducement. Plaintiffs claim that the mistake of fact was that the Workout Agreement was improper for their needs because Aurora had no intention of considering a permanent loan modification for Plaintiffs when the Agreement expired.

The Court finds that the Agreement does not contain any promises regarding the availability or likelihood of permanent loan modification upon conclusion of the Agreement. While Aurora could consider Plaintiffs' for such a modification, the Agreement specifies that this decision was discretionary, which Plaintiffs admit in their complaint (Compl. ¶ 17). *See* Dkt. 4, Ex. A, Workout Agreement, Attachment A - Stipulated Payments at b ("Upon the Expiration Date [of the Agreement], Customer must cure the arrearage through a full reinstatement, payment in full, loan modification agreement, or other loan workout option that *Lender may offer* . . . Customer's failure to enter into a 'Cure Method' will result in the loan being disqualified [from future programs]" and regular collection activity will resume, including resumption of the foreclosure process.)

The Court also rejects Plaintiffs' arguments that the Agreement did not bind Aurora to do anything, or that the Agreement fails for lack of consideration. The Agreement specifies in ¶ 3 that Aurora "shall forebear from exercising any and all of its rights and remedies . . . during the term of this Agreement" provided that Plaintiffs do not default under the Agreement.[1] *See* Dkt. 4, Ex. A at 2, ¶ 3.

---

[1] The Court notes that even after the Agreement expired in December 2010, as late as December 2011, Aurora had not yet foreclosed, thereby providing Plaintiffs extra time in their home notwithstanding the fact that Aurora was no longer bound by the Agreement.

Aurora was bound by its promise not to forebear and the consideration to Plaintiffs was that no foreclosure or other negative action would be taken against them during the pendency of the Agreement. Whether or not Aurora decided at the end of the Agreement to provide a permanent loan modification is irrelevant to whether Aurora was bound by the Agreement or provided consideration.

To the extent these claims are premised on fraud, the Court finds no likelihood of success because Plaintiffs do not identify any misrepresentation by Aurora. At best, Plaintiffs seem to be saying they thought they were entitled to more under the Agreement than the terms of the Agreement actually promise (i.e., they want a permanent loan modification).

Plaintiffs' claim for negligent misrepresentation (Claim Three) will similarly likely fail because no specific misrepresentations by Aurora are alleged. As previously stated, the Agreement makes clear that Aurora had discretion to offer a future agreement or opportunity to cure, but none was promised.

Plaintiffs cannot prevail on their unjust enrichment claim (Claim Four) because California does not recognize such a claim. Courts have held consistently that unjust enrichment is not a proper cause of action under California law. "The phrase 'unjust enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Melchoir v. New Line Prod., Inc.*, 106 Cal. App. 4th 779, 793 (2003) (quoting *Lauriedale Assoc., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992)).

Plaintiffs are not likely to prevail on their breach of the Workout Agreement claim (Claim Five) because this claim is also based on Aurora's failure to consider Plaintiffs for a permanent loan modification after Plaintiffs complied with the payment schedule set forth in the Agreement and submitted documents to Aurora. While Aurora "may offer" a loan modification or some other option under the Agreement, the Agreement makes no promises regarding the availability of a permanent loan modification. Accordingly, Plaintiffs' claim does not identify a breach of the Agreement.

Plaintiffs are also not likely to prevail on their breach of the covenant of good faith and fair dealing claim (Claim Six). The Agreement prevented Aurora from initiating foreclosure during the pendency of the Agreement. However, Aurora did not initiate non-judicial foreclosure until well after the Agreement had expired. Plaintiffs argue that Aurora's delay in initiating foreclosure somehow suggests that Aurora's intent was to offer a permanent loan modification, but this argument is irrelevant to whether Aurora breached the implied covenant present in every contract.

Plaintiffs are not likely to prevail on their unfair competition claim under Cal. Bus. & Prof. Code § 17200 (Seventh Claim). Aurora argues that Plaintiffs lack standing to assert this claim because Plaintiffs incurred no injury from the extra delay in foreclosure provided under the

Workout Agreement. Plaintiffs argue that every HAMP payment and every payment under the Agreement was money lost to Aurora. The Court finds that these payments do not constitute an injury under § 17200. These payments were made pursuant to Plaintiffs' home loan, and Plaintiffs' subsequent agreement made to stay in their home. Plaintiffs *agreed* to make these payments and they do not constitute injury under § 17200.

While Plaintiffs will likely be irreparably harmed if this injunction is denied, because it is likely Aurora will proceed with a trustee's sale and Plaintiffs will lose their home, the fact that Plaintiffs' claims seem near certain to fail overshadows the fact that they will lose their home. If they cannot state a valid claim against Aurora or show even some likelihood of prevailing, the impending foreclosure sale will be an unfortunate result, but not an inequitable one.

Plaintiffs do not address the balance of equities and thus have not carried their burden on this factor.

Plaintiffs also do not address whether the public interest favors the requested injunction. Likewise, Plaintiffs have not carried their burden on this factor.

Because Plaintiffs have not shown a likelihood of success on the merits – indeed, there is a likelihood of failure on the merits – although losing one's home may constitute an irreparable injury, none of the other factors are shown to tip in Plaintiffs' favor. Accordingly, the Court DENIES Plaintiffs' requested preliminary injunction.

### III.   DISPOSITION

For the reasons set forth above, Plaintiffs' request for a preliminary injunction is DENIED. The Clerk shall serve a copy of this minute order on all parties to this action.