UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No. EDCV 11-2063 DOC (JEMx)                                                              Date: April 4, 2012
Title: MIGUEL ARROYO, ET AL. -V- AURORA BANK, FSB, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Julie Barrera                                                                          Not Present   
Courtroom Clerk                                                                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                                NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER SUA SPONTE REMANDING TO STATE COURT

      On December 29, 2011, Defendants Aurora Loan Services LLC and Aurora Bank FSB ("Defendants") removed this case from state court to the United States District Court for the Central District of California, Southern Division. Notice of Removal (Dkt. 1). The removal action was based on diversity of citizenship and a demand for $250,000 in compensatory damages made by Plaintiffs Miguel and Oralia Arroyo ("Plaintiffs"). *See id.* On January 5, 2012, Defendants moved to dismiss Plaintiffs' complaint for failure to state a claim. *See* Defs.' Mot. to Dismiss Pls.' Compl. (Dkt. 11).

      On February 24, 2012, this Court issued an Order granting in part and denying in part Defendants' motion to dismiss. *See* Order (Dkt. 24). The Order instructed Plaintiffs to file an amended complaint no later than March 19, 2012. *See id.* As of today, April 4, 2012, Plaintiffs have not filed an amended complaint. As per the Order, Plaintiffs' only claim remaining is for breach of the implied covenant of good faith and fair dealing.

      A district court "shall" remand a case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Where removal is based on an amount in controversy, the removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds the relevant statutory minimum. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Jurisdictional statutes are "strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendant removed this action to federal court on the basis of diversity jurisdiction, which requires that the amount in controversy exceed the sum or value of $75,000. 28 U.S.C. § 1332. It does not appear by a preponderance of the evidence that this $75,000 jurisdictional requirement is met by Plaintiffs' only remaining state-law claim for breach of the covenant of good faith and fair dealing. Plaintiffs' claim is based on Defendants' alleged failure to: (1) evaluate Plaintiffs for a loan modification during the term of a foreclosure avoidance agreement that expressly contemplated such an evaluation; and (2) notify Plaintiffs that their financial documentation in support of such an evaluation was incomplete after expressly stating they would so notify Plaintiffs. Because the relief available to Plaintiff for this claim does not appear to exceed $75,000, the Court does not appear to have jurisdiction.

Accordingly, the Court REMANDS this case to Riverside Superior Court.

The Clerk shall serve this minute order on all parties to the action.